UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES WILLIAMS, </br></br> Plaintiff, </br></br> v. </br></br> GRUBHUB INC., KATRINA LAKE, MATTHEW MALONEY, BRIAN MCANDREWS, DAVID FISHER, DAVID HABIGER, LINDA JOHNSON RICE, LLOYD FRINK, GIRISH LAKSHMAN, and KEITH RICHMAN, </br></br> Defendants. | Case No._____ </br></br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** </br></br> JURY TRIAL DEMANDED |

Plaintiff Charles Williams ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Grubhub Inc. ("Grubhub" or the "Company") and the members of Grubhub's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, plaintiff seeks to enjoin the vote on a proposed transaction, pursuant to which Just Eat Takeaway.com N.V. ("Just Eat Takeaway.com") will acquire the Company through its subsidiaries Checkers Merger Sub I, Inc. ("Merger Sub I") and Checkers Merger Sub II, Inc. ("Merger Sub II") (the "Proposed Transaction").[1]

---

[1] Non-party Just Eat Takeaway.com is the parent company of the Just Eat Takeaway.com Group ("Just Eat Group"), a global online food delivery marketplace outside of China. Non-party Merger

2. On June 10, 2020, Grubhub and Just Eat Takeaway.com jointly announced their entry into an Agreement and Plan of Merger dated June 10, 2020 (as amended on September 4, 2020, the "Merger Agreement"). Under the terms of the Merger Agreement, Grubhub stockholders will receive newly issued American depositary shares ("ADS") of Just Eat Takeaway.com common stock, representing 0.6710 shares of the share capital of Just Eat Takeaway.com, for each Grubhub common share that they own (the "Merger Consideration").[2]

3. On May 12, 2021, Grubhub filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Grubhub stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (a) the financial projections for Grubhub and Just Eat Takeaway.com, as well as the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Evercore Group L.L.C. ("Evercore"); and (b) potential conflicts of interest faced by the Company's additional financial advisor, Centerview Partners LLC ("Centerview"). The failure to adequately disclose such material information violates Sections 14(a) and 20(a) of the Exchange Act as Grubhub stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

4. Without additional information, the Proxy Statement is materially misleading in violation of the federal securities laws. Thus, it is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

---

Sub I is a Delaware corporation and a wholly owned subsidiary of Just Eat Takeaway.com. Non-party Merger Sub II is a Delaware corporation and a wholly owned subsidiary of Just Eat Takeaway.com.

[2] The Proposed Transaction is valued at approximately $7.3 billion.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Grubhub.

10. Defendant Grubhub is a Delaware corporation, with its principal executive offices located at 111 W. Washington Street, Suite 2100, Chicago, Illinois 60602. Grubhub's shares trade on the New York Stock Exchange under the ticker symbol "GRUB."

11. Defendant Katrina Lake ("Lake") has been a director of the Company since December 2015.

12. Defendant Matthew Maloney ("Maloney") has been Chief Executive Officer ("CEO")

and a director of the Company since August 8, 2013. Prior to the Seamless Merger, Defendant Maloney served as CEO and a director of Grubhub Holdings, which he co-founded in 2004.

13. Defendant Brian McAndrews ("McAndrews") has been Chairman of the Board and a director of the Company since the Seamless Merger and had been a director of Seamless since October 2011.

14. Defendant David Fisher ("Fisher") has been a director of the Company since the Seamless Merger and had been a director of Grubhub Holdings since June 2012.

15. Defendant David Habiger ("Habiger") has been a director of the Company since October 2016.

16. Defendant Linda Johnson Rice ("Rice") has been a director of the Company since October 2016.

17. Defendant Lloyd Frink ("Frink") has been a director of the Company since December 2013.

18. Defendant Girish Lakshman ("Lakshman") has been a director of the Company since March 2015.

19. Defendant Keith Richman ("Richman") has been a director of the Company since February 2016.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Proposed Transaction

21. On June 10, 2020, Grubhub and Just Eat Takeaway.com jointly announced in relevant part:

> Just Eat Takeaway.com N.V. (AMS: TKWY, LSE: JET), (the "Company" or "Just Eat Takeaway.com"), and Grubhub Inc. (NYSE: GRUB) ("Grubhub") have entered into a

4

definitive agreement whereby the Company is to acquire 100% of the shares of Grubhub in an all-stock transaction (the "Transaction") to create the world's largest online food delivery company outside of China, measured by Gross Merchandise Value ("GMV") and revenues.

The Transaction represents Just Eat Takeaway.com's entry into online food delivery in the United States ("U.S.") and builds on the strategic rationale for its recent merger with Just Eat plc ("Just Eat"). A combined Just Eat Takeaway.com and Grubhub (the "Combined Group") will become the world's largest online food delivery company outside of China1, with strong brands connecting restaurant partners with their customers in 25 countries. The Combined Group will be built around four of the world's largest profit pools in online food delivery: the U.S., the United Kingdom ("U.K."), the Netherlands and Germany, increasing the Combined Group's ability to deploy capital and resources to strengthen its competitive positions in all its markets. The Combined Group has strong leadership positions in almost all countries in which it is present and will become a significant player in North America. Just Eat Takeaway.com owns the leading Canadian business SkipTheDishes. The Combined Group is one of the few profitable players in the space and processed approximately 593 million orders in 2019 with more than 70 million combined active customers globally.

**Key Terms**

- Under the terms of the Transaction, Grubhub shareholders will be entitled to receive American depositary receipts ("ADRs") representing 0.6710 Just Eat Takeaway.com ordinary shares in exchange for each Grubhub share, representing an implied value of $75.15 for each Grubhub share (based on the undisturbed closing price of Just Eat Takeaway.com on 9 June 2020 of €98.602) and implying a total equity consideration (on a fully diluted basis) of $7.3 billion.
- Immediately following completion of the Transaction, Grubhub shareholders are expected to own ADRs representing approximately 30.0% of the Combined Group (on a fully diluted basis).
- On completion, Matt Maloney, CEO and founder of Grubhub, will join the Just Eat Takeaway.com Management Board and will lead the Combined Group's businesses across North America and two current Grubhub Directors will join the Just Eat Takeaway.com Supervisory Board.
- The Transaction is subject to the approval of both Just Eat Takeaway.com's and Grubhub's shareholders, as well as other customary completion conditions. Subject to satisfaction of the conditions, completion of the Transaction is anticipated to occur in the first quarter of 2021.
- The Combined Group will be headquartered and domiciled in Amsterdam, the Netherlands, with its North American headquarters in Chicago and a significant presence in the U.K..
- Just Eat Takeaway.com is listed on Euronext Amsterdam and the Main Market of the London Stock Exchange and will introduce an ADR listing in the U.S..

Both the Managing Board and the Supervisory Board of Just Eat Takeaway.com and the Board of Directors of Grubhub are recommending the Transaction to their respective shareholders. Jitse Groen, CEO and founder of Just Eat Takeaway.com, has entered into a voting and support agreement, and subject to and in accordance with the terms thereof, has committed to vote in favour of the Transaction at the Just Eat Takeaway.com extraordinary general meeting ("EGM").

Jitse Groen, CEO and founder of Just Eat Takeaway.com, said: "Matt and I are the two remaining food delivery veterans in the sector, having started our respective businesses at the turn of the century, albeit on two different continents. Both of us have a firm belief that only businesses with high-quality and profitable growth will sustain in our sector. I am excited that we can create the world's largest food delivery business outside China. We look forward to welcoming Matt and his team to our company and working with them in the future."

Matt Maloney, CEO and founder of Grubhub, commented: "When Grubhub and Seamless were founded, the online takeout industry didn't exist in the U.S.. My vision was to transform the delivery and pick-up ordering experience. Like so many other entrepreneurs, we started modestly – restaurant by restaurant in our Chicago neighbourhood. Today, Grubhub is a leader across North America. I've known Jitse since 2007 and his story is much like mine. Combining the companies that started it all will mean that two trailblazing start-ups have become a clear global leader. We share a focus on a hybrid model that places extra value on volume at independent restaurants, driving profitable growth. Supported by Just Eat Takeaway.com, we intend to accelerate our mission to be the fastest, best and most rewarding way to order food from your favourite local restaurants in North America and around the world. We could not be more excited."

**Strategic Rationale**

Just Eat Takeaway.com's mission has consistently been focused on becoming the best food delivery company on the planet. Since its founding in 2000, Takeaway.com has chosen only to enter into markets in which it believes it can become a leader and be profitable. In fact, it is one of the rare examples of a profitable food delivery platform. The profits in the Netherlands helped secure a leadership position in Germany and other Continental European countries. The growth and profitability of the Takeaway.com businesses eventually allowed it to merge with Just Eat, another profitable European food delivery business. As a result, Just Eat Takeaway.com has leading positions in three of the world's four largest profit pools for food delivery: the U.K., Germany and the Netherlands.

Just Eat Takeaway.com management believes that Grubhub is the best food delivery company in the U.S. and it is the only one which is culturally similar to Just Eat Takeaway.com. It has its origins in marketplace, and unlike most other food delivery companies, it has consistently been EBITDA positive. The competitive situation in the U.S. has changed over the past few years. In response, Grubhub successfully transformed its business into a hybrid model to meet the heightened competition. Just

Eat Takeaway.com management believes that this is the right strategy. Success in the U.S. depends on deploying the right mix of logistics and marketplace region-by-region, a balance Grubhub has achieved with profitable leading positions in key U.S. population centres. Despite this progress, the U.S. remains an underpenetrated market, with a tremendous TAM. It is nowhere near its end-state.

Grubhub as part of Just Eat Takeaway.com will become a much stronger business. Just Eat Takeaway.com owns SkipTheDishes, the clear leader in Canada. By building a North American leadership position, Just Eat Takeaway.com will be able to further strengthen both the Canadian and U.S. businesses. Just Eat Takeaway.com will prioritise sustainable growth over profits, as this has been a major driver of its strategy and success in Europe. Grubhub has leading positions in a number of large U.S. cities, including New York. Just Eat Takeaway.com intends to invest in expanding these leading positions.

While in spirit Just Eat Takeaway.com is the same company as at the beginning of last year, in size it is not. Just Eat Takeaway.com has become one of the world's largest food delivery companies. The latter also means that its main competitors are no longer from Europe. They are large international operators. This transaction significantly strengthens its global competitive position.

**Transaction Highlights**

- Creates the world's largest food delivery company, outside of China, measured by GMV and revenue.
- The Company is one of the few profitable players at scale in the space.
- Creates a company built around four of the world's largest profit pools in food delivery: the U.S., the U.K., the Netherlands and Germany. These markets show substantial further opportunities for growth, significant penetration upside and longer-term profitability improvements.
- Grubhub will be much stronger as part of Just Eat Takeaway.com. The combination with Just Eat Takeaway.com's Canadian business, SkipTheDishes, as well as the increased scale and resources of the Combined Group will provide greater flexibility to make strategic, long-term investment decisions.
- In the U.S., where the market is competitive and fragmented across local regions and cities, Grubhub's differentiated offering provides it with unique advantages given its large marketplace business, its Seamless corporate business, its large geographic footprint and extensive customer and restaurant relationships.
- The enhanced scale and leading positions of the Combined Group provide an opportunity to leverage best practices from Just Eat Takeaway.com and Grubhub and create the broadest possible offering to both restaurant partners and consumers. The Combined Group will have a greater ability to leverage investments, in particular in technology, marketing and restaurant delivery services across the combined business.
- The Combined Group will have a founder-led management team with a proven

track record of building leading positions in markets of scale. The new management team has 55+ years of combined experience in the sector.

\* \* \*

**Integration Planning**

- Just Eat Takeaway.com highly respects the Grubhub management team and, following the completion of the Transaction, Matt Maloney will lead the Combined Group's businesses in North America, including Canada.
- Grubhub will continue to be headquartered in Chicago, U.S.
- Upon completion of the Transaction, the Combined Group will initiate a programme to plan for integration, based on bringing together both companies' experience of integrating acquisitions to minimise disruption to restaurants and consumers, whilst delivering the expected opportunities and benefits of the Transaction for the Combined Group's stakeholders.
- The integration of Just Eat's business is progressing well and is not expected to be affected by the acquisition of Grubhub. As one of the first major milestones, in the first week of June 2020, Just Eat's market leading Swiss business was migrated to Just Eat Takeaway.com's central European IT platform and the teams are working through further steps in the broader integration process.

**The Proxy Statement Contains Material Misstatements or Omissions**

22.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Grubhub's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

23.     As alleged herein, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the financial projections for Grubhub and Just Eat Takeaway.com, as well as the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Evercore; and (b) potential conflicts of interest faced by the Company's additional financial advisor, Centerview.

*Material Omissions Concerning the Financial Projections for Grubhub and Just Eat Takeaway.com and Evercore's Financial Analyses*

24. The Proxy Statement omits material information regarding the financial projections for Grubhub and Just Eat Takeaway.com, including the Company's unlevered free cash flows and the underlying line items used to calculate those unlevered free cash flows. This omission comes notwithstanding that "Evercore performed a discounted cash flow analysis of Grubhub to calculate the estimated present value of the standalone unlevered, after-tax free cash flows that Grubhub was forecasted to generate during Grubhub's second, third and fourth quarter of fiscal year 2020 and fiscal years 2021 through 2024[.]"

25. The Proxy Statement further fails to disclose Grubhub management's preliminary financial projections reviewed with the Board at its February 12, 2020 Board meeting. The Proxy Statement also fails to provide a summary of the changes to the projections between February 12, 2020 and April 22, 2020, when the Board reviewed Grubhub management's financial projections prepared in connection with the Proposed Transaction.

26. The Proxy Statement also fails to disclose all line items underlying (a) the Company's levered free cash flows; and (b) the unlevered free cash flows for Just Eat Takeaway.com.

27. The Proxy Statement also omits material information regarding Evercore's financial analyses.

28. The Proxy Statement describes Evercore's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Evercore's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Grubhub's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Evercore's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

29. First, the Proxy Statement fails to disclose: (a) the unlevered, after-tax unlevered free

cash flows for Grubhub utilized in the analysis; (b) the estimated terminal year adjusted EBITDA; (c) quantification of the terminal values for the Company; (d) quantification of the inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (e) the tax savings of Grubhub attributed to unused tax losses; (f) Grubhub's net debt; and (g) Grubhub's fully diluted outstanding shares as used in Evercore's *Discounted Cash Flow Analysis* of Grubhub.

30. With respect to Evercore's *Discounted Cash Flow Analysis* of Just Eat Takeaway.com, the Proxy Statement fails to disclose: (a) the estimated terminal year adjusted EBITDA; (b) quantification of the terminal values for Just Eat Takeaway.com; (c) quantification of the inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (d) the tax savings of Just Eat Takeaway.com attributed to unused tax losses; (e) Just Eat Takeaway.com's net debt; and (f) Just Eat Takeaway.com's fully diluted outstanding shares.

31. With respect to Evercore's *Equity Research Analyst Price Targets* analyses for Grubhub and Just Eat Takeaway.com, the Proxy Statement fails to disclose the price targets observed and the sources thereof.

32. The omission of this material information renders the statements in the "Certain Unaudited Prospective Financial Information Prepared by Grubhub" and "Opinion of Grubhub's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Centerview's Potential Conflicts of Interest***

33. The Proxy Statement is materially deficient because it fails to disclose material information relating to Centerview's potential conflicts of interest, including: (a) the compensation Centerview has received or will receive in connection with its engagement; (b) how much of Centerview's compensation is contingent upon the consummation of the Proposed Transaction; (c) the details of any past services Centerview has performed for any parties to the Merger Agreement or

their affiliates, including the timing and nature of such services as well as the amount of compensation received by Centerview for providing such services; and (d) the scope of Centerview's engagement.

34. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

35. The omission of this material information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

36. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Grubhub will be unable to make an informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

37. Plaintiff repeats all previous allegations as if set forth in full.

38. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

39. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy

Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's and Just Eat Takeaway.com's financial projections, the inputs and assumptions underlying Evercore's financial analyses, and potential conflicts of interest faced by Centerview. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

41. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff repeats all previous allegations as if set forth in full.

44. The Individual Defendants acted as controlling persons of Grubhub within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Grubhub, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies

of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

47. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Grubhub stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Grubhub, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert

with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Grubhub stockholders;

      B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

      D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 24, 2021

**LONG LAW, LLC**

By /s/ *Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*